J-S04033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL C. CROOM | : | |
| | : | |
| Appellant | : | No. 829 MDA 2020 |

Appeal from the PCRA Order Entered May 7, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001238-2015

BEFORE: OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 05, 2021**

Daniel C. Croom ("Croom") appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Croom was charged with various offenses after being accused of physically abusing one of his children ("the victim") in September of 2014. On the morning of Croom's scheduled jury trial on February 23, 2016, Croom stated that he wished to tender a guilty plea, pursuant to an agreement with the Commonwealth. As part of his guilty plea colloquy, Croom admitted to committing simple assault, and conspiracy to commit endangering the welfare of children. *See* N.T., 2/22/16, at 8-15 (wherein the trial court asks Croom whether he had committed the above-referenced offenses, and Croom answers in the affirmative). However, after Croom admitted to committing the offenses, Croom refused to agree to the portion of the plea agreement

restricting contact with the victim's mother, with whom he has other children, during his probation. **See id.** at 13-15. Accordingly, the trial court vacated Croom's guilty plea, and he proceeded to the scheduled jury trial.

Following the jury trial, Croom was convicted of two counts of simple assault, and one count each of endangering the welfare of a child, conspiracy to commit endangering the welfare of a child, and conspiracy to commit simple assault.[1] On the same day, the trial court sentenced Croom to an aggregate term of four to thirteen years in prison, followed by ten years of probation. On direct appeal, this Court affirmed Croom's judgment of sentence. **See Commonwealth v. Croom**, 159 A.3d 999 (Pa. Super. 2016) (unpublished memorandum).

On December 8, 2017, Croom filed the instant *pro se* PCRA Petition. In his Petition, Croom asserted various claims of ineffective assistance of counsel. The PCRA court appointed Croom counsel, who subsequently filed a Petition to withdraw and a "no-merit" letter pursuant to **Turner**/**Finley**.[2] On June 8, 2019, the PCRA court granted PCRA counsel's Petition to withdraw.

On January 8, 2020, the PCRA court issued Notice of its intent to dismiss the Petition pursuant to Pa.R.Crim.P. 907. On January 27, 2020, Croom filed a *pro se* request for a hearing "for refutation of such claims." **See** Response,

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1), (3), 4303(a)(1), 903(a)(1).

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

1/27/20. The PCRA Court dismissed Croom's Petition on April 5, 2020. Croom filed a timely *pro* se Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Croom raises the following issue for our review:

Whether the [PCRA] court abused its discretion in refusing to grant [Croom] an evidentiary hearing, on his *pro se* [PCRA Petition], in which [Croom] asserted an ineffective assistance of counsel claim for failing to move for the recusal of the trial judge, where the trial judge was privy to information presented during [Croom]'s guilty plea colloquy, vacated, then used during [Croom]'s sentencing after [Croom] was convicted by a jury?

Brief for Appellant at 3.

Croom argues that the PCRA court erred in dismissing his PCRA Petition without a hearing. *Id.* at 6-9. Specifically, Croom asserts that the PCRA court should have held a hearing on his claim that trial counsel rendered ineffective assistance in failing to move for recusal of the trial judge based on potential bias. *Id.* at 8-9. Croom claims that the trial judge improperly allowed information gleaned from Croom's aborted guilty plea colloquy to color its sentencing of Croom. *Id.* at 7-8. Croom contends that the trial judge improperly referenced Croom's guilty plea colloquy during sentencing. *Id.* In support, Croom directs our attention to the trial judge's statement, at sentencing, that the court had "taken into account the testimony that [it] heard in not only the trial these last two days, *but in previous proceedings*." N.T., 2/23/16, at 144 (emphasis added).

Our review of the record discloses that Croom did not raise this claim in his *pro se* PCRA Petition. Rather, in his PCRA Petition, Croom asserted the following:

> Ineffective assistance of counsel [in that] or [*sic*] my public defender did not properly delve into [Berks County Children and Youth Services ("CYS")] records to find case workers notes about [the victim's] behavior. My pubic [*sic*] defender never subpoena [*sic*] case workers Pam Bradley and Argentina Bancos. Public defender never objected to my sentence or the stipulations where there are errors. Public Defender never called a *prima facie* violation. Direct appeal public defender did not show supporting facts to show the Judge errd [*sic*] in his statements at sentencing.

PCRA Petition, 12/8/17, at 4 (some capitalization omitted). Further, Croom stated that he intended to argue on appeal the following:

> Ineffective assistance of counsel, Public Defender did not investigate case. Did not call key witnesses. Failed to investigate Defense or Evidence. Public Defender did not object to sentence or stipulations at sentencing[.] Public Defender did not obtain records from CYS, from Argentina Bancos and Pam Bradley.

*Id.* (some capitalization omitted).

Moreover, PCRA counsel did not identify Croom's instant issue in her ***Turner*/*Finley*** letter. There, PCRA counsel identified and analyzed the issues that Croom wished to pursue in his PCRA Petition, based on Croom's *pro se* PCRA Petition and counsel's subsequent correspondence with Croom. Croom's instant issue is not included therein. ***See Turner*/*Finley*** Letter, 6/6/19, at 2-3.

Consequently, the PCRA court did not address Croom's claim in its Pa.R.Crim.P. 907 Notice of intent to dismiss the PCRA Petition. ***See*** Notice of

J-S04033-21

Intent, 1/8/20, at 1-10. Further, in its Pa.R.A.P. 1925(a) Opinion, the PCRA

court stated the following:

> While [Croom] does raise various claims of ineffective assistance of counsel, including for failure to object to [Croom]'s sentence and stipulations, the claim that trial counsel was ineffective for failing to seek reclusion of this jurist was not included in either the *pro se* [PCRA P]etition or in PCRA counsel's review. Likewise, though [Croom] raises a challenge to the discretionary aspects of sentence, the claim that this court's pretrial colloquy with [Croom] somehow created unintentional bias that, along with our failure to consider mitigating factors, amounts to an abuse of th[e trial] court's discretion is a novel argument first seen in the [Concise Statement].
>
> * * *
>
> Even if the [PCRA c]ourt were to find that [Croom]'s claims of error have not been waived, th[e PCRA] court's review of the [Concise Statement] reveals that the alleged errors are too vague to allow for adequate response. While [Croom] states the general claim of ineffective assistance of counsel and a challenge to the discretionary aspects of the sentence, he fails to indicate what information was disclosed to the [trial] court that would have created any unintentional bias or how th[e trial] court's colloquy of [Croom] led to the alleged abuse of discretion. We are well aware that a [Concise Statement] must be detailed enough so that the judge can write a Rule 1925(a) [O]pinion, but not so lengthy that it does not meet the goal of narrowing down the issues previously raised to the few that are likely to be presented to the appellate court without giving the trial judge volumes to plow through. As such, we don't expect that a concise statement of errors would be so granular as to present each argument. However, [] a [Rule] 1925(b) statement which is too vague to allow the court to identify the precise issue raised on appeal is equivalent to no statement at all. [Croom] identifies the issue raised, but fails to provide this court with sufficient information as to the basis of the claim to adequately address the issue. Consequently, even if [Croom]'s issues are not waived for failure to present the issues before the PCRA court, we would likewise find that the [Concise S]tatement is too vague for meaningful review.

PCRA Court Opinion, 7/30/20, at 5-6 (citations and quotations omitted).

Because Croom did not raise in his PCRA Petition the issue of counsel's ineffectiveness in failing to move for the trial judge to recuse himself, we conclude that this issue has been waived. **See** Pa.R.A.P. 302(a) (stating that an issue may not be raised for the first time on appeal); **see also Commonwealth v. Lambert**, 797 A.2d 232, 240-41 (Pa. 2001) (stating that "claims … not raised in appellant's PCRA petition … are waived.").

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/05/2021